# No. 23-7380

---

## UNITED STATES COURT OF APPEALS SECOND CIRCUIT

---

**MIANKANZE BAMBA**

**Plaintiff - Appellant,**

**v.**

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
ALEJANDRO MAYORKAS UNITED STATES SECRETARY of Homeland
Security**

**Defendants - Appellees.**

---

**On Appeal from the United States District for the Southern District of New York
Civil Action No. 1:19-cv-08646-LJL**

**Judge Lewis J. Liman**

---

**APPELLANT OPENING BRIEF**

---

**Mohamed Bamba, Esq**
**Bamba Law, LLC**
**10015 Old Columbia Road**
**Suite B-215**
**Columbia, MD 21046**
**Phone: 443-656-8310**

**Fax: 443-656-8309**
**Counsel for Appellant**

<u>**DISCLOSURE STATEMENT**</u>

Pursuant to Federal Rules of Civil Procedure Rule 26.1, counsel for the Appellant repre-

sents as follows: (1) that the Appellant is not publicly held corporations or other publicly held

entity; (2) that the Appellant does not have any parent corporations; (3) that there are no other

publicly held corporations or other publicly held entities that have a direct financial interest in

the outcome of the litigation; (4) that no publicly held corporation owns 10 percent or more of

any of the respective Appellant's stock;  (5) that the Appellant is not a trade association; and (6)

that this case does not arise out of a Bankruptcy proceeding.

**TABLE OF CONTENT**

**TABLE OF AUTHORITIES**……………………………………………………4

**JURISDICTIONAL STATEMENT**…………………………………………5

**STATEMENT OF THE ISSUES**……………………………………………..6

**STATEMENT OF THE CASE**………………………………………………7

**SUMMARY OF ARGUMENT**………………………………………………9

**STANDARD OF REVIEW**……………………………………………… 9

**ARGUEMENT**……………………………………………………… 9

    **I.   APPELLANT'S NON-SELECTION CLAIM UNDER TITLE VII**………9

    A.  Appellant established a prima facie case of discrimination………………..10

    B.  Appellant presented sufficient evidence that Appellee's proffered reasons are pre-text for discrimination……………………………………………………12

    C.  Appellant raised genuine issues of material fact as to whether his non-selection was due to discrimination……………………………………………… .13

**II.   APPELLANT'S HOSTILE WORK ENVIRONMENT CLAIM UNDER TI-TLE VII**………………………………………………………… …..13

    **III. CONCLUSION**…………………………………………………..14

## TABLE OF AUTHORITIES

### TABLE OF CASES:

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)…………………………………………………………………………9

Collins v. NYC Transit Authority, 305 F.3d 113, 118 (2d Cir. 2002)…………………..10

Garcia v. Hartford Police Dep't, 706 F.3d 120, 127 (2d Cir. 2013)…………………… 12

Graham v. Long Island R.R., 230 E3d 34, 39 (2d Cir. 2000)………………………… 11

Howley v. Town of Stratford, 217 F.3d 141, 153 (2d Cir. 2000)………………………13

Konits v. Valley Stream Cent. High Sch. Dist., 394 F.3d 121, 124 (2d Cir. 2005)……..9

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973)……………………10

McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)……………………………13

Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999)…………………………………11

Owens v. New York City Housing Authority, 934 F.2d 405, 409 (2d Cir. 1991)………10

Shum way v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir. 1997)………………..11

Tolbert v. Smith, 790 F.3d 427 (2d Cir. 2015)………………………………………… 10

Vega v.Hempstead Union Free Sch. Dist., 801 F.3d 72, 83 (2d Cir. 2015)……………10

Walking, Inc. v. Turner, 378 F.3d 133 (2d Cir. 2004)…………………………………9

### TABLE OF STATUTES:

28 U.S.C. § 1291………………………………………………………………………..5

28 U.S.C. § 1331………………………………………………………………………..5

**<u>JURISDICTIONAL STATEMENT</u>**

The United States District Court for the Southern District of New York (hereinafter "District Court") had jurisdiction over this action under 28 U.S.C. § 1331. The court entered judgment on September 13, 2023, and Appellant filed a timely notice of appeal on October 12, 2023. This Court has jurisdiction under 28 U.S.C. § 1291.

**<u>STATEMENT OF THE ISSUES:</u>**

      1. Whether the US District Court erred when it granted Appelle's Motion for Summary Judgment against Appellant's Title VII wrongful selection claim?

      2. Whether the US District Court erred when it granted Appellee's Motion for Summary Judgment against Appellant's Title VII hostile work environment claim?

## STATEMENT OF THE CASE

On March 5, 2018 James Ward ("Ward"), a white male and employee of Appellee, assaulted Appellant. After Appellant denied Ward's request for funding, Ward came to Appellant's office, where he screamed, pushed, shoved and attempted to shoot Appellant, as Appellant called 911. At a time in the United States, when unarmed Black men were being killed by law enforcement officers, Appellant was extremely terrified when Ward attempted to shoot him. (AA241)

Since 2016, Appellant repeatedly complained and reported to Appellee that Ward consistently disrespected and him by sending inappropriate emails and engaging in hostile harassing behaviors. (AA34-AA40) Appellee took no action to address Appellant's complaints prior to March 5, 2018, which subsequently led to Appellant being assaulted and nearly shoot by Ward. (AA277-278)

Ward had a history of physically assaulting black employees and non-white employees. Ward had a history of harassing the Appellant. Ward's past actions and actions on March 5, 2018, permeated the workplace, creating a hostile work environment. Wards' actions were severe, pervasive, and extreme, which created a hostile work environment for Appellant. (AA241)

In April 2018, Appellee posted a job announcement for a Supervisory Program Manager Mission Support position (hereinafter, the "Position"). Appellant was well qualified for the Position and applied for the Position on or about May 1, 2018, with all required documents. On August 3, 2018, Yingping Cheng (hereinafter "Cheng") was interviewed for the Position. On August 26, 2018, the job announcement for the Position was canceled, and Appellant was informed that no candidate was selected for Position. (AA160) On August 30, 2018, the Appellee reposted

the Position with the listed closing date for the position as March 1, 2019.  In early September

2018, Appellant applied for the reposted Position.  On February 10, 2018, the Appellee an-

nounced that Ms. Cheng was hired for the Position, while the job announcement for the position

was still open. (AA164).

Appellee's hiring of  Cheng deviated from normal hiring procedure and was consistent

with discriminatory practices undertaken by Appellee against Appellant.  The circumstances sur-

rounding the hiring of Cheng, who at one point in time was Plaintiff subordinate and trainee,

gives rise to the inference of discrimination. (AA206)

On February 10, 2018, the Defendant announced that Cheng was hired for the Position,

while the job announcement for the position was still open. (AA164). Appellee outlined its entire

hiring process on usajobs.gov, which shows Appellant's application for the Position went directly

to the hiring agency, Appellee, DHS-FPS,  the agency where Appellant directly worked. (AA48-

AA53)  Appellant applied for the Position after working ten (10) years for the Appellee.  Appel-

lant's application went directly to the Appellee who knew that he was more qualified for the po-

sition. Appellee engaged in an irregular hiring procedure when it hired Cheng, while the listing

was still open, and adversely denied the Appellant the Position. Appellant acknowledged Ap-

pellee's qualifications for the position, yet discriminated against him in the hiring selection

process, by hiring a less qualified candidate, who Appellant supervised for four (4) years.

In September 2019, Appellant filed suit in the District Court, where among other things,

he claimed discrimination wrongful selection and hostile work environment. On September 13,

2023, the District Court granted Appellee's Motion for Summary Judgment. (AA198)  On Octo-

ber 12, 2023, Appellant timely appealed to this Court.  (AA199)

**SUMMARY OF ARGUMENT**

The District Court erred when it granted Appellee's Motion for Summary Judgment because: (1) Appellant established a prima facie case of discrimination (wrongful selection); (2) Appellant presented sufficient evidence to support the finding that Appellee's proffered reasons were pretext for discrimination; (3) Appellant raised a genuine issue of fact as to whether his non-selection was due to discrimination; and (4) Appellant established his claim of hostile work environment. Thus, Appellant requests that this Court vacates the District Court's judgment and remand this case to proceed to trial.

**STANDARD OF REVIEW**

The standard of review on appeal from a decision on summary judgment is reviewed de novo. The Court reviews "de novo the district court's grant of summary judgment, affirming only if the movant has demonstrated that there is no genuine issue as to any material fact and, hence, that judgment as a matter of law is warranted." Walking, Inc. v. Turner, 378 F.3d 133, 142 (2d Cir. 2004). "In determining whether a case presents triable factual issues, [] [this Court] like the district court, may not make credibility determinations or weigh the evidence." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party. Konits v. Valley Stream Cent. High Sch. Dist., 394 F.3d 121, 124 (2d Cir. 2005).

**ARGUEMENT**

I.  **APPELLANT'S NON-SELECTION CLAIM UNDER TITLE VII**

"Claims under Title VII are analyzed under the McDonnell Douglas burden-shifting framework." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973)

Once an employee has demonstrated a prima facie case, "[t]he burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the disparate treatment." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 83 (2d Cir. 2015) "If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason was in fact pretext for discrimination." Id.

### A.  Appellant established a prima facie case of discrimination.

To establish a prima facie case of discrimination, the plaintiff must show: "[1] membership in a protected class; [2] qualifications for the position; [3] an adverse employment action; and [4] circumstances surrounding that action giving rise to an inference of discrimination." Collins v. NYC Transit Authority, 305 F.3d 113, 118 (2d Cir. 2002).

### Member of Protected Class

As an African American,  Appellant is a member of protected class. Tolbert v. Smith, 790 F.3d 427 (2d Cir. 2015) (AA10-AA273)

### Qualification for the Position

McDonnell Douglas requires only a minimal showing of qualification to establish a prima facie claim. [Appellant] only needs to demonstrate that []he "possesses the basic skills necessary for performance of [the] job." Owens v. New York City Housing Authority, 934 F.2d 405, 409 (2d Cir. 1991)

Mr. Reid E. Leanness ("Leanness") is an employee of the Appellee. Mr. Leanness works as a Resource Manager and Branch Chief for the Appellee. Mr. Leanness interviewed Cheng and was a part of the committee that selected Cheng for the position. During depositions, Mr. Leanness, referring to Appellant, stated "[]as a GS-13 for ten years, [] I do think that he would qualify

[for the position]." (AA57-AA58). Leanness's statement and Appellant's resume satisfies the minimal showing of qualification to establish a prima facia claim. (AA61-AA64)

### Adverse Employment Action

"Adverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand. Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999). Appellant worked as a grade thirteen (13) for ten (10) years when he applied for the Position, compared to Cheng who worked as a grade thirteen (13) for two years when she was selected for the Position. (AA61-AA71) Nonetheless, despite Appellant's qualifications, Appellee refused to hire the appellant, which constitutes an adverse employment action. (AA206 & AA164)

### Inference of Discrimination

Circumstances surrounding that action giving rise to an inference of discrimination may be satisfied by his showing that Appellee "treated [Appellant] less favorably than a similarly situated employee outside his protected group." Graham v. Long Island R.R., 230 E3d 34, 39 (2d Cir. 2000). The comparable employee must be similarly situated "in all material respects." Shum way v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir. 1997). Here, both Appellant and Cheng are grade thirteen (13) candidates for the Position  Both Appellant  and Cheng applied for the Position. However, Appellant was treated less favorably than Cheng, who is outside of his protected class.  (AA106) Ms. Cheng is not a Black African American male, she is an Asian American female.  She was considered and selected for the Position and Appellant was not, although Appellant had more experience and was more qualified for the Position. Appellant has established that he was treated less favorably than a similarly situated employee outside his protected group.  Appellant has established circumstances surrounding the non-selection action tak-

en against him, which gives rise to an inference that of discrimination. Thus, Appellant has established a prima facia case of non-selection discrimination.

**B.** __Appellant presented sufficient evidence that Appellee's proffered reasons are pretext for discrimination.__

Appellee contends that the reason Appellant was not selected for the Position was because his application was not forwarded to OPM and placed on the certificate of eligibles. Appellee contends that Appellant did not submit the correct SF50, showing how long he was a grade thirteen (13). However, the SF50 Appellant submitted with his application for the Position showed how long Appellant served as a grade thirteen (13) (AA178) Furthermore, Appellee's contention that applications went directly to OPM, contradicts the process outlined on Appellee's usajob.gov site, which indicates that applications for the Position went directly to the agency. (AA180-AA184) Appellant's application went directly to the agency, who knew that he was applying for the position and was more qualified than Cheng. "[] to defeat summary judgment ... the plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the motivating factors."Garcia v. Hartford Police Dep't, 706 F.3d 120, 127 (2d Cir. 2013) Appellant has shown that he in fact submitted the SF50 showing his time in grade and that applications, including his, were submitted directly to the agency, not OPM. The Appellee's purpose to discriminate against the Appellant, a black man, and select lesser qualified Cheng, was a motivating factor for Appellant's non selection and rebutted proffered reasons. Here, Appellant has established Appellee's pretext for discrimination.

**C. Appellant raised genuine issues of material fact as to whether his non-selection was due to discrimination.**

" [M]ateriality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law . . . . A reasonably disputed, legally essential issue is both genuine and material and must be resolved at trial."" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) The disputed facts regarding Appellee's proffered reason for Appellant's non selection are material as they affect the outcome of the case. It is disputed whether Appellant submitted a SF50 showing the amount of time he worked as a grade thirteen (13). This issue of fact should be left to the jury to decide, as from the Appellant's perspective, he submitted the correct SF 50. Furthermore, Appellee's usajob.gov website posting, outlines the hiring process, which contradicts evidence from Appellee that suggest the contrary. Appellant has raised genuine disputes of fact that impact the outcome of the case as it pertains to whether Appellant's non selection was due to discrimination. Hence, this issue of fact should be left to the jury to decide.

**II. APPELLANT'S HOSTILE WORK ENVIRONMENT CLAIM UNDER TITLE VII**

The Appellant has established his hostile work environment claim under Title VII. The Appellant "must show that the workplace is permeated with "discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Howley v. Town of Stratford, 217 F.3d 141, 153 (2d Cir. 2000) Usually, a single isolated instance of harassment will not suffice to establish a hostile work environment unless it was "extraordinarily severe" Id. "There is

neither a threshold magic number of harassing incidents that gives rise, without more, to liability as a matter of law, nor a number of incidents below which a plaintiff fails as a matter of law to state a claim." Id  An environment is `hostile' or `abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. Id. The assault of Appellant by James Ward,  on March 5, 2018 is undisputed.  Appellant established his hostile work environment claim by presenting evidence that dates back to 2016, showing that he complained about Ward's harassing behavior to Appellee. (AA34-AA40)  The incident on March 5, 2018, was not isolated to the extent that Ward's harassing behavior towards the Appellant persisted since 2016 and culminated in 2018 when Ward  assaulted and attempted to shoot Appellant. (AA34-AA40) (AA237-AA246)  Under all circumstances, harassment is  extraordinarily severe when a US government official is assaulted in his office and nearly shoot. (AA241)

Lastly, Appellant has shown that "a specific basis exists for imputing the conduct that created the hostile environment to the employer." Id at 154. Appellant complained to Appellee and a Appellee did nothing, which led to the incident of March 5, 2018.  Thus, Appellant has established his hostile work environment claim.  (AA34-AA40)

### III. CONLUSION

For the above-mentioned reasons, Appellant requests that the Court vacates the District Court's  judgment and remand this case to proceed to trial.

Respectfully Submitted,

_____

Mohamed M. Bamba, Esq
Bamba Law, LLC
10015 Old Columbia Road Suite B-215
Columbia, MD 21046
 Phone: 443-656-8310
Fax: 443-656-8309
*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify on this 24th day of June, a copy of the foregoing Appellant's Opening Brief was e-served to Alyssa O'Gallagher, counsel for Appellee.

Respectfully Submitted,

_____

Mohamed M. Bamba, Esq
Bamba Law, LLC
10015 Old Columbia Road Suite B-215
Columbia, MD 21046
 Phone: 443-656-8310
Fax: 443-656-8309
*Counsel for Appellant*